IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-01430-WDM-CBS

DEBRA R. JACKSON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a body politic and corporate of the State of Colorado, acting by and through its agency DENVER DEPARTMENT OF HUMAN SERVICES,
DONNA HAMBURG, in her official capacity, and
DEIDRE GRAYSON, in her official capacity.

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Craig B. Shaffer (Docket No. 70) that Defendants' Motion for Summary Judgment (Docket No. 58) be granted. Plaintiff did not file an objection to the recommendation and, therefore, is not entitled to *de novo* review. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). I have reviewed the pertinent portions of the record, including the motion, the response, the reply, and the recommendation of Magistrate Judge Shaffer. For the reasons that follow, the recommendation shall be accepted.

### Background

Plaintiff is an African American female and was born on January 3, 1952. She

began her employment with Defendant Department of Human Services ("DDHS" or "Defendant"[1]) beginning in April 2002 when she accepted a promotion from her position in another department. Jackson's position at DDHS was that of Administrative Support Assistant ("ASA") IV in the Family and Children's Services Department. During Plaintiff's employment in that position, she alleges that in December 2002 she filed an intake application with the Equal Employment Opportunity Commission ("EEOC") relating to hostile work environment and disability discrimination. She did not, however, file a formal charge. Additionally, Plaintiff filed two internal grievances with DDHS in February 2003 regarding a written reprimand she received on January 24, 2003. Then, in November 2003, Plaintiff filed another internal grievance regarding disciplinary action.

In July 2004, due to an 8.2 million reduction in funding from the state of Colorado and the restructuring of services due to the implementation of a new human services database, Defendant was forced to lay off some of its employees. To identify which positions would be eliminated, Defendant used the following criteria: (1) preserve customer service by eliminating non-case carrying positions rather than case carrying positions which directly served clients; (2) maintain a consistent supervisor to supervisee ratio; (3) maintain program functions mandated by law; and (4) determine

---

[1] Although the Complaint includes allegations regarding her employment with Denver Parks and Recreation, Plaintiff has since clarified that she is bringing suit solely against DDHS. (*See* Def.'s Ex. A-4 (Docket No. 59-5) at 9–10.) I also note that although Donna Hamburg and Deidre Grayson are named as defendants, they are named in their official capacities which is the equivalent of bringing suit against the department. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citations omitted)).

whether a non-mandated program was losing money.  The analysis was done based on the position title rather than on the employee name.  Once the positions to be eliminated were identified, seniority determined the specific employees in that position who would be laid off.

Plaintiff's position, the only ASA IV in her department, was one of the positions eliminated.  However, based on Defendant's lay off procedures, Plaintiff was given the option of accepting a demotion to ASA III in lieu of lay off.  Plaintiff accepted this option on July 16, 2004, thereby "bumping" into the lay off category the person with the least seniority who previously occupied the ASA III position.  The person "bumped" was Angela Johnson, a Caucasian employee.  Plaintiff appealed her demotion in July 2004 but the demotion in lieu of lay off was upheld.  Plaintiff alleges that although she was demoted, she continued to do the same work as she had done before, but with less compensation.  Ultimately, sixty-six employees were affected by the lay offs, either by being laid off, being demoted in lieu of lay off, or retiring in lieu of lay off.  Of the sixty-six employees affected, thirty-one were Caucasian, twenty-two were Hispanic, twelve were African American, and one was Asian.

Plaintiff continued in her ASA III position with Defendant until October 24, 2006 when she resigned.  She subsequently filed a charge of discrimination with the Colorado Civil Rights Division on December 16, 2004 alleging discrimination based on "race/color (African American) and/or age, 52 (d.o.b. 1/3/52)" and including claims of disparate treatment and hostile work environment.  (*See* Pl.'s Ex. 2 (Docket No. 63-2).)  The Colorado Civil Rights Division determined that there was not sufficient evidence to support Plaintiff's charge of discrimination and the EEOC mailed a notice of right to sue

to Plaintiff on April 19, 2006. Plaintiff picked up this notice from her mailbox on April 24, 2006 although she admits that it may have arrived on April 22, 2006. Plaintiff filed this lawsuit on July 24, 2006.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "When applying this standard, [the court] view[s] the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citing *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998)).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.* (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). "[T]he nonmovant is given 'wide berth to prove a factual controversy exists.'" *MacKenzie v. Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005) (quoting *Jeffries v. Kan. Dep't of Soc. & Rehab. Servs.*, 147 F.3d 1220, 1228

(10th Cir. 1998)).  A mere scintilla of evidence, however, is not sufficient to create a genuine issue of material fact and survive summary judgment.  *Simms*, 165 F.3d at 1326 (quoting *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997)). "Unsupported conclusory allegations . . . [also] do not create an issue of fact." *MacKenzie*, 414 F.3d at 1273 (citing *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004)).

A plaintiff alleging employment discrimination may prove intentional discrimination directly or indirectly.  As is typical, this case is brought under the indirect analysis set forth in *McDonnell Douglas Corp. v. Green*, which provides a burden-shifting framework for assessing indirect, or circumstantial, evidence.  411 U.S. 792, 802–04 (1973); *see generally St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–058 (1993); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000).

Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of presenting a *prima facie* case of discrimination.  *Kendrick*, 220 F.3d at 1226.  The essential purpose of the *prima facie* test is to eliminate "the most common nondiscriminatory reasons for" the employment action.  *See id*. at 1227 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981)); *see also St. Mary's Honor Ctr.*, 509 U.S. at 506 (*prima facie* case "in effect creates a presumption that the employer unlawfully discriminated against the employee") (quoting *Burdine*, 450 U.S. at 254) (alteration in quoted material)).  If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for its action.  *Kendrick*, 220 F.3d at 1226 (quoting *McDonnell Douglas*, 411 U.S. at 802).  If the defendant presents such a reason, the plaintiff bears the "ultimate burden"

of showing that these proffered reasons are a pretext for unlawful discrimination. *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 (10th Cir. 2000).

To show pretext, a plaintiff must demonstrate that the defendant was more likely motivated by a discriminatory reason or that its proffered reason "is unworthy of credence." *Id.* (quotation omitted). Three typical methods of showing pretext are: (1) evidence that the defendant's stated reason for the adverse action was false; (2) evidence that the defendant acted contrary to a written company policy prescribing the action to be taken under the circumstances; or (3) evidence that defendant acted contrary to an unwritten policy or practice when making the adverse decision. *Kendrick*, 220 F.3d at 1230. Pretext may be shown "'by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence.'" *Rivera v. City & County of Denver*, 365 F.3d 912, 925 (10th Cir. 2004).

## Discussion

In this case, Plaintiff brings six claims: (1) discrimination in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (2) retaliation in violation of Title VII; (3) discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; (4) discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; (5) violation of the Equal Pay Act, 29 U.S.C. § 206; and (6) Respondeat Superior. Additionally, some of the allegations in the Complaint indicate that Plaintiff is claiming she was subjected to a hostile working environment, a violation of Title VII. 42 U.S.C. § 2000e-2(a)(1); *Tademy v. Union Pac. Corp.*, 520 F.3d 1149, 1156 (10th Cir. 2008) ("'Although Title VII does not explicitly mention hostile work

environment, a victim of a racially hostile work environment may nevertheless bring a cause of action under Title VII.'" (quoting *Ford v. West*, 222 F.3d 767, 775 (10th Cir. 2000))). Magistrate Judge Shaffer recommends that Defendant's motion for summary judgment be granted and this case be dismissed with prejudice.[2]

1. Eleventh Amendment

Magistrate Judge Shaffer determined that Defendant was entitled to Eleventh Amendment immunity for the ADEA and ADA claims.[3] *See Kimel v. Fla. Bd. Of Regents*, 528 U.S. 62 (2000) ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."); *Migneault v. Peck*, 204 F.3d 1003, 1004 (10th Cir. 2000) (noting that *Kimel* vacated prior Tenth Circuit precedent holding that the ADEA did abrogate the states' immunity); *Bd of Trs. Of the Univ. Of Ala. V. Garrett*, 531 U.S. 356, 360 (2001) (determining that the ADA did not validly abrogate the states' Eleventh Amendment immunity); *Whitney v. Bd. of Educ.*, 292 F.3d 1280, 1285 n.1 (10th Cir. 2002) ("[T]he Eleventh Amendment bars ADA claims against states." (citing *Garrett*, 531 U.S. at 360)). "If applicable, the Eleventh Amendment bars suits against states in federal court." *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d

---

[2] I note that although Plaintiff did file a response to Defendant's motion for summary judgment (Docket No. 63) it was filed eight days late, did not comply with my rules for summary judgment motions, and generally failed to present any evidence that factual issues remain. The evidence that Plaintiff did present was to a large extent irrelevant to the claims before this court. For example, she includes a charge of discrimination made against a previous employer and emails between herself and her previous supervisor regarding her new position with DDHS. Nevertheless, I conclude that it is appropriate, given Plaintiff's *pro se* status, to address the merits of each claim.

[3] As discussed *infra*, Magistrate Judge Shaffer also determined that summary judgment was appropriate on these claims based on their merits.

1226, 1231–32 (10th Cir. 1999). "Eleventh Amendment immunity extends to state agencies that act as arms of the state, but it does not extend to counties, cities, or other political subdivisions of the state." *Ambus v. Granite Bd. Of Educ.*, 975 F.2d 1555, 1560 (10th Cir. 1992). The determination whether a particular state entity is an arm of the state such that Eleventh Amendment immunity applies is based on consideration of four factors: (1) the character of the entity under state law; (2) autonomy accorded the entity under state law; (3) the entity's finances; and (4) whether the entity in question is concerned primarily with local or state affairs. *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (citing *Mount Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), and *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164, 1166 (10th Cir. 2000)). Although the Tenth Circuit has not determined the issue, my colleagues in the District Court and the Colorado state courts have consistently concluded that Colorado county human services departments are arms of the state. *See Freeman v. White*, 2006 WL 2793139, at * 8–9 (D. Colo. Sept. 28, 2006) (unpublished) (determining that DDHS is an arm of the state for purposes of Eleventh Amendment immunity and cataloguing other cases to hold the same). Therefore, I agree with Magistrate Judge Shaffer's determination that the Eleventh Amendment bars Plaintiff's claims under the ADEA and ADA.

2.   <u>Exhaustion of Remedies and Timeliness of Action</u>

Magistrate Judge Shaffer determined that Defendant was entitled to summary judgment with respect to Plaintiff's retaliation and ADA claims because Plaintiff did not exhaust her administrative remedies with respect to these claims. Plaintiff did not include allegations of retaliation or disability discrimination in the charge she filed with

the Colorado Civil Rights Division in 2004. Consequently, the administrative investigation that would follow the charge would not reasonably be expected to include investigation of retaliation or discrimination based on disability. *See MacKenzie*, 414 F.3d at 1274 (determining that the claim in federal district court "is generally limited by the scope of the investigation that can reasonably be expected to follow the charge of discrimination" in the EEOC charge (citing *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994) and *Martin v. Nannie & Newborns, Inc.*, 3 F.3d 1410, 1416 n.7 (10th Cir. 1993))); *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) ("[E]ach discrete incident of [discriminatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." (citing *Nat'l R.R. Passenger Corp. V. Morgan*, 536 U.S. 101, 110–13 (2002))). Therefore, Magistrate Judge Shaffer concluded that Plaintiff had not exhausted her remedies with respect to these claims and summary judgment in favor of Defendant was appropriate.[4] I agree.

Relatedly, Defendant argued that Plaintiff's claim was time-barred because it was not filed within ninety days of receipt of the EEOC right to sue letter. In this case, if Plaintiff received the letter on the date that she picked it up from her mailbox, then her complaint is timely; however, if she received the letter two days before, as she admits is possible, then the complaint is not timely. *See* 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of [the right to sue letter] a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved."). Applying the Tenth Circuit's mail presumptions does not resolve the

---

[4] I note that Magistrate Judge Shaffer also determined that summary judgment was appropriate for these claims based on their merits.

dispute. *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) (noting that the Tenth Circuit has "implicitly sanctioned either a five-day or a three-day presumption" of receipt after mailing). Drawing all inferences in Plaintiff's favor, Magistrate Judge Shaffer determined that summary judgment was not appropriate based on untimely filing as there remained issues of fact as to when Plaintiff was required to file her complaint. *Simms*, 165 F.3d at 1326 (holding that in a motion for summary judgment the court "view[s] the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party" (citing *Byers*, 150 F.3d at 1274)).

3. Title VII

First, with respect to Plaintiff's Title VII claim of disparate treatment, Magistrate Judge Shaffer determined that Plaintiff failed to meet her *prima facie* burden because, other than general allegations, she presented no evidence that other similarly situated employees were treated differently or that the decision to demote her was based on a discriminatory animus. *See Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) ("To make out a prima facie case of discrimination the [plaintiff] must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." (citing *Trujillo v. Univ. of Colo. Health Sci. Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998))); *Kendrick*, 220 F.3d at 1227 ("The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination.'" (citing *Burdine*, 450 U.S. at 253–54)). In fact,

Plaintiff opined that the lay off decisions[5] were not made based on race but made because "the department found [the laid off employees] expendable . . . because they had no political or personal . . . affinity to keep those people." (Def.'s Ex. A-4 (Docket No. 59-5) at 13.) Alternatively, Magistrate Judge Shaffer determined that Plaintiff failed to demonstrate that Defendant's proffered legitimate reasons for demoting Plaintiff were merely pretext for unlawful discrimination. Indeed, Plaintiff did not present any evidence demonstrating that the lay off decisions were based on any criteria other than the process Defendant articulated. Therefore, Magistrate Judge Shaffer correctly determined that summary judgment in favor of Defendant was appropriate on this claim.

Second, assuming that Plaintiff was not barred from bringing the claim due to failure to exhaust administrative remedies, Magistrate Judge Shaffer concluded that Plaintiff failed to meet her *prima facie* burden with respect to her Title VII retaliation claim because she did not establish that there was a causal connection between her demotion and any protected activity. *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1227 (10th Cir. 2008) ("A prima facie case of retaliation [is made] by showing '(1) she engaged in protected opposition to Title VII discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action.'" (quoting *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004))). I agree. Plaintiff alleges that she engaged in three instances of protected activity: filing an EEOC intake form in December 2002, filing internal

---

[5] Although the affected employees were laid off, demoted in lieu of lay off, or retired in lieu of lay off, I will refer to the July 2004 employment decisions as the "lay off decisions."

grievances in February 2003, and filing an internal grievance in November 2003. She does not, however, present any evidence linking her demotion to these activities. As there was not significant temporal proximity between the grievances and the demotion, Plaintiff could not rely solely on that aspect. *See Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1228 (10th Cir. 2006) ("A causal connection may be shown by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action. Standing alone, temporal proximity between the protected activity and the retaliatory conduct must be very close in time. Otherwise, the plaintiff must offer additional evidence to establish causation." (internal quotation and citation omitted) (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001))). Furthermore, Plaintiff also failed to demonstrate that those making the lay off decisions knew about Plaintiff's protected activities. Alternatively, Magistrate Judge Shaffer determined that summary judgment was appropriate because Plaintiff did not demonstrate that Defendant's articulated reasons for the demotion were merely pretext for discrimination.

Third, Magistrate Judge Shaffer correctly determined that Plaintiff's hostile work environment claim should fail because Plaintiff failed to demonstrate that she suffered a workplace "'permeated with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Sandoval v. City of Boulder*, 388 F.3d 1312, 1327 (10th Cir. 2004) (quoting *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998)); *accord Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) ("Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work

environment -- an environment that a reasonable person would find hostile or abusive -- is beyond Title VII's purview."). Plaintiff's allegations concerning her work environment—disagreement regarding the Michael Jackson verdict; a comment about the University of Phoenix, Plaintiff's alma mater; and Plaintiff's younger African American supervisor—are simply not sufficient in terms of frequency, severity, or interference with her job performance to maintain a hostile work environment claim. *See Harris*, 510 U.S. at 23 (holding that the totality of the circumstances must be analyzed to determine if conduct creates a hostile work environment including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance").

Finally, with respect to Plaintiff's disparate impact claim, Magistrate Judge Shaffer determined that Plaintiff failed to demonstrate that the lay off decisions, or any other employment practice, had a disparate impact on a protected group. *See Carpenter v. Boeing Co.*, 456 F.3d 1183, 1187 (10th Cir. 2006) ("'[A] plaintiff may establish a prima facie case of disparate impact discrimination by showing that a specific identifiable employment practice or policy caused a significant disparate impact on a protected group.'" (quoting *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1312 (10th Cir. 1999))). Therefore, he determined that Defendant was entitled to summary judgment on this claim. Again, I agree.

4. <u>ADEA</u>

Even assuming that Plaintiff's ADEA claim was not barred by the Eleventh Amendment, Magistrate Judge Shaffer correctly determined that Plaintiff's ADEA claims

failed. First, with respect to Plaintiff's disparate treatment claim, he determined that she failed to meet her *prima facie* burden under the *McDonnell Douglas* burden shifting framework. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002) (determining that ADEA claims are analyzed under the *McDonnell-Douglas* paradigm); *Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir. 1995) ("An ADEA plaintiff must establish that age was 'a determining factor' in the employer's challenged decision" and may do so "'by presenting direct or circumstantial evidence.'" (citations omitted)). Plaintiff did not present any evidence other than her own conclusory allegations that she was treated less favorably than younger employees or that the lay offs were unlawfully based on age. Additionally, Plaintiff did not present evidence demonstrating that Defendant's legitimate reasons for the lay offs were pretextual.

Next, with respect to Plaintiff's disparate impact claim, Magistrate Judge Shaffer correctly concluded that Plaintiff failed to demonstrate the requisite disparate impact. *See Carpenter*, 456 F.3d at 1187 ("'[A] plaintiff may establish a prima facie case of disparate impact discrimination by showing that a specific identifiable employment practice or policy caused a significant disparate impact on a protected group.'" (quoting *Bullington*, 186 F.3d at 1312)). Although Plaintiff stated that "it looks like 77 percent of the people [laid off] were 40 years of age or older" (*see* Def.'s Ex. A-4 (Docket No. 59-5) at 22) this does not establish a *prima facie* case because Plaintiff failed to present any evidence of the comparable population. *See Ortega v. Safeway Stores, Inc.*, 943 F.2d 1230, 1243 (10th Cir. 1991) ("[A]ny statistical analysis must involve the appropriate comparables and must cross a threshold of reliability before it can establish even a prima facie case of disparate impact." (internal quotations and citations omitted)).

Alternatively, Magistrate Judge Shaffer determined that Plaintiff failed to demonstrate that Defendant's lay off procedures were unreasonable. *See Pippen v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1200 (10th Cir. 2006) ("[A]fter an employee establishes a prima facie case of disparate impact age discrimination under the ADEA, the burden of production shifts to the employer to assert that its neutral policy is based on a reasonable factor other than age. . . . [T]o prevail on an ADEA disparate impact claim, an employee must ultimately persuade the factfinder that the employer's asserted basis for the neutral policy is unreasonable." (citations omitted)). In fact, Plaintiff did not address Defendant's lay off procedures at all.

5.  ADA

Even assuming that Plaintiff's ADA claim is not barred by the Eleventh Amendment or her failure to exhaust administrative remedies, Magistrate Judge Shaffer concluded that Defendant was entitled to summary judgment on this claim because Plaintiff could not meet her *prima facie* burden. *See MacKenzie*, 414 F.3d at 1274 ("To prevail on her ADA claim, [a plaintiff] must establish: (1) she is a disabled person as defined by the ADA; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) her employer discriminated against her because of her disability."). As Plaintiff did not articulate any major life activity that is limited or that Defendant regarded as limited by her alleged disability, she failed to establish the first element of the *prima facie* case—that she was disabled or that Defendant regarded her as disabled. *See* 42 U.S.C. § 12102(2) (defining "disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment;

or (C) being regarded as having such an impairment."). Furthermore, Magistrate Judge Shaffer determined that Plaintiff failed to demonstrate that she suffered any adverse employment action due to her disability. Indeed, the lay off decisions were based on criteria completely separate than job performance and there was no evidence that Defendant was even aware that Plaintiff had a disability. I agree with Magistrate Judge Shaffer.

6. <u>Equal Pay Act</u>

Magistrate Judge Shaffer determined that Plaintiff did not have a cognizable claim under the Equal Pay Act because she did not allege that she was being paid less than a similarly situated male employee. *See Sprague v. Thorn Ams., Inc.*, 129 F.3d 1355, 1364 (10th Cir. 1997) ("To establish a *prima facie* case under the [Equal Pay Act, plaintiff, 'has the burden of proving that (1) she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was performed were basically the same; (3) the male employees were paid more under such circumstances.'" (quoting *Tidwell v. Ft. Howard Corp.*, 989 F.2d 406, 409 (10th Cir. 1993))). Rather, Plaintiff alleges that she was paid less after the demotion although she was still performing the same job. Therefore, Magistrate Judge Shaffer correctly determined that Defendant was entitled to summary judgment on this claim.

7. <u>Respondeat Superior</u>

Finally, Magistrate Judge Shaffer noted that "Respondeat Superior" is not a separate claim for relief—rather, it is a theory of liability. Furthermore, as Plaintiff is suing only DDHS, she need not rely on respondeat superior. *See EEOC v. BCI Coca-*

*Cola Bottling Co.*, 450 F.3d 476, 485 (10th Cir. 2006) ("'[A] tangible employment action taken by the supervisor becomes for Title VII purposes the act of the employer.'" (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 758 (1998)). Therefore, Plaintiff's sixth claim for relief fails.

8. Conclusion

I have reviewed the pertinent portions of the record including the Complaint, Defendant's Motion, Plaintiff's Response, Defendant's Reply, and Magistrate Judge Shaffer's Recommendation. I have also reviewed the legal authorities relied upon by Magistrate Judge Shaffer and discern no error. Therefore, as I agree with Magistrate Judge Shaffer's recommendation, I conclude that Magistrate Judge Shaffer's recommendation should be accepted.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Shaffer (Docket No. 70) is accepted.
2. Defendants' Motion for Summary Judgment (Docket No. 58) is granted.
3. Plaintiff's complaint shall be dismissed with prejudice.
4. Defendants may have their costs.

DATED at Denver, Colorado, on August 26, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge